IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2010

## GARY THOMAS RUSSELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-09-169     Roy Morgan, Judge**

_____

**No. W2009-02181-CCA-R3-PC  - Filed August 25, 2010**

_____

The Petitioner, Gary Thomas Russell, pleaded nolo contendere to one count of aggravated assault. He was sentenced as a Range II, multiple offender to nine years in the Department of Correction. He later filed a petition for post-conviction relief; following a hearing, the Circuit Court of Madison County denied his petition. In this appeal, he contends that the trial court erred in holding that Petitioner's trial counsel rendered effective assistance. After our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Gary T. Russell.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Petitioner's post-conviction hearing was held on September 30, 2009. The Petitioner was charged with aggravated assault following an incident where he allegedly hit his girlfriend, Nancy Bullard, and dragged her violently after wrapping a rope around her neck.

After his guilty plea to the crime charged, he filed a petition for post-conviction relief. The Petitioner originally advanced three grounds for post-conviction relief, contending that his trial counsel was deficient in: (1) failing to obtain certain pictures of the victim, taken at the crime scene, which the Petitioner said would have shown that the victim sustained no injuries; (2) failing to interview two witnesses present at the time of the incident who the Petitioner said would have established his innocence; and (3) unduly pressuring him to accept a plea offer. In his testimony, however, the Petitioner abandoned his second and third issues, noting that he wanted to accept his plea at the time he did so and that he never told trial counsel about the two witnesses he wanted interviewed.

Regarding trial counsel's failure to obtain pictures of the victim, the Petitioner said he had read about the existence of the pictures in a police report provided in discovery, but did not realize their significance until after he was incarcerated. He reiterated that the pictures would have shown that the victim did not sustain any injuries, and that he would not have pleaded guilty had he seen them. The Petitioner otherwise affirmed that he was satisfied with trial counsel's performance.

Trial counsel testified that he noticed pictures were mentioned in the police report, but that no pictures had been provided in discovery. He also noted his awareness that others had been present at the scene of the incident at issue, however, except for one of the witnesses who had already been interviewed by police and listed in discovery materials, the Petitioner did not tell him who these witnesses were or ask trial counsel to talk to them. He said he did not further investigate the pictures or witnesses because the Petitioner was interested only in pleading guilty rather than going to trial; trial counsel noted that he would have requested the pictures at issue had the Petitioner directed him to proceed to trial.

The post-conviction court denied the Petitioner relief. He now appeals.

**Analysis**

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. To demonstrate prejudice, a defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

The post-conviction court found that the Petitioner failed to prove his factual assertions by clear and convincing evidence. The court also found that the Petitioner's guilty plea was voluntarily, knowingly and intelligently entered. Finally, the court found that the Petitioner failed to show that, but for counsel's alleged deficient representation, the Petitioner would not have pleaded guilty but would have insisted on going to trial.

Although the Petitioner apparently abandoned his claim that trial counsel should have interviewed additional witnesses, we note that

> [w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner. It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of whether further investigation would have revealed a material witness or what a witness's testimony might have been if introduced by defense counsel. The same is true regarding the failure to call a known witness. In short, if a petitioner is able to establish that defense counsel was deficient in the investigation of the facts or calling a known witness, the petitioner is not entitled to relief from his conviction on this ground unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called.

Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). The Petitioner did not present these witnesses at his hearing, and has therefore failed to establish that their testimony would have been favorable and that he would have gone to trial had they been interviewed. Similarly, the Petitioner failed to demonstrate the existence or exculpatory nature of any pictures taken at the scene of the incident, and he testified that he was not unduly pressured by trial counsel to accept a plea agreement. He has therefore proven none of his factual allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Momon, 18 S.W.3d at 156. We conclude that the post-conviction court correctly denied the Petitioner relief.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the Circuit Court of Madison County's denial of post-conviction relief.

_____
DAVID H. WELLES, JUDGE